## May v. Western Assur. Co.[1]

*(Circuit Court, D. Minnesota. 1886.)*

FIRE INSURANCE—AUTHORITY OF AGENT—LOSS.
  A. applied to B., an insurance agent, who had been carrying his insurance
for a series of years, and who knew the condition of his property, for $20,-
000 of insurance, and B., being unwilling to carry that amount in the com-
panies he represented, applied to C., the agent of another company, for
$2,500 of insurance, and C., without any communication with A., or knowledge
of the property, took the insurance, wrote out the policy, and delivered it to
B., who gave it to A. *Held*, that the company represented by C. was bound
by the policy, and was liable for a loss.

Motion for New Trial.    The opinion states the facts.
*Wilson & Lawrence,* for plaintiff.
*Cole & Bramhall,* for defendant.

BREWER, J.   In this case it appears that the plaintiff, Mr. May,
went to Judge Ames, an insurance agent in Minneapolis, who had
been carrying his insurance for a series of years, and told him that
he wanted $20,000 of insurance.   Judge Ames knew the condition of
the property, and he afterwards handed in to the plaintiff $20,000 of
insurance; but Judge Ames, it seems, was unwilling to carry that
amount in the company or companies that he represented, and there-
fore went to the agent of the defendant, Mr. Seeley, and offered him
$2,500 of it, and Mr. Seeley took the insurance, wrote out the policy,
and sent it to Judge Ames' office, and Judge Ames thereupon deliv-
ered it to the plaintiff.   Mr. Seeley, as the agent of the defendant,
did not know the condition of the risk, and he had no communication
with the plaintiff.   The question was whether Judge Ames was the
agent of the plaintiff to solicit the insurance, and whether Mr. Seeley,
as agent of the defendant, should have been informed by him of the
condition of the risk, or whether the defendant company was bound
by the knowledge that Judge Ames had,—whether his knowledge of
the condition of the risk, under the circumstances, was the same as
the knowledge of their agent, and binding upon the company.
  It seems to me, from whichever stand-point you approach this
case, that it would not be fair to release the defendant company from
liability.   The plaintiff did not go to an insurance broker to employ
him to solicit insurance.   He never thought of employing an agent to
act for him; but he, as principal, wanting to buy insurance, went to
a man who was selling insurance, and proposed to buy from him
$20,000 worth of insurance.   Judge Ames proposed to sell it to him,
and they each stood in the relation of principal in that negotiation.
There is no pretense that when the policies were delivered to the
plaintiff any actual notice was given him that Mr. Seeley alone was the

[1] Reported by Robertson Howard, Esq., of the St. Paul bar.

agent of the defendant, and the fact that Seeley's name was written across the back of the policy as agent of the defendant is not sufficient to charge the plaintiff with such knowledge. It seems to me that something more was necessary in order to change the relations the parties expressly assumed towards each other than the implication which would arise from the fact that another party's name was written on the policy as agent.

Now, approaching it from the stand-point of the defendant company. They put Mr. Seeley there as their general agent. If he sends out a man to make an examination of a risk, and accepts the representations made to him by such subagent, the company is bound by it. It is not to be expected that a general agent, located in a city like Minneapolis, can personally go and examine all the risks offered him. The business must, of necessity, be done through subagents principally; and the testimony is that the custom was for agents to go to other agents, and divide insurance with them, when they had more offered them than they cared to carry themselves. Mr. Seeley testifies that that was his custom. If the agents coming to him took part of the risk for their own companies, he relied on that and wrote out the policies. It seems to me to be a very natural custom, and if the insurance company is willing to allow its general agent, put in charge there, to determine what means of investigation he will rely upon, and he relies upon the investigations or statements of other agents, the insurance company has no right to complain. Whatever Mr. Seeley does within the reasonable scope of the powers committed to him is binding upon the company. If, instead of making an examination himself, he prefers, or is willing, to take the representations of another insurance agent, the company is bound by that act. The particular case cited by the appellant from 58 Md. does not seem to me, by any means, to touch the points in this case.

I think the ruling made by my Brother NELSON was right.

Motion for new trial overruled.