TEUTONIA INS. CO. v. EWING et al.

(Circuit Court of Appeals, Sixth Circuit. November 9, 1898.)

No. 584.

1. INSURANCE — POWERS OF AGENT TO BIND COMPANY — UNDISCLOSED LIMITATION OF AUTHORITY.

A limitation upon the authority of a general agent of an insurance company, having power to make contracts of insurance for the company, will not relieve it from liability on a policy issued by such agent, although in violation of such limitation, where the insured had neither actual nor constructive notice of the limitation.

2. PRINCIPAL AND AGENT—WHAT CONSTITUTES AGENCY.

An insurance agent, not being able to furnish insurance to an applicant, asked and obtained permission to obtain it for him from another agency; stating that, by an arrangement between them, he would in that case be entitled to a share of the commission. He so obtained the insurance, and received a part of the commission. *Held*, that he was not the agent of the insured in the transaction, and that the latter was not chargeable with notice of a fact communicated to him.

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

This was a suit on an insurance policy. The bill of exceptions shows that on November 21, 1895, Gerstle Bros. executed a deed of assignment for the

benefit of creditors to the plaintiffs, Ewing and Solinsky, trustees, conveying, among other things, their stock of goods in their store in Pulaski; that certain creditors filed bills in chancery attacking the assignment, and attached the stock of goods, and plaintiffs were appointed receivers in these suits November 22, 1895; that thereafter Ewing and Solinsky, as trustees and receivers, applied to Harwood & Crockett, insurance agents at Pulaski, for additional insurance on the stock of goods to the amount of $7,500; that Harwood & Crockett were unable to grant, and declined, further insurance in the companies represented by them, because they were carrying full lines on the property at risk; that N. A. Crockett, one of the firm, then requested plaintiffs to let him place the insurance with some other agency, stating that, under an arrangement with the insurance agents in Pulaski, his firm would get half of the commissions on business thus placed by them; that this was assented to by plaintiffs; that he applied to Oaks & Abernathy, insurance agents at Pulaski, for the granting of such additional insurance of $7,500; that he went to their office for that purpose, and he and J. T. Oaks, one of the partners, examined the policy register of the defendant company, which Oaks & Abernathy represented, and a letter of instructions issued by it, containing prohibited risks; that among other risks prohibited was the following, "all property in liquidation"; that Crockett and Oaks agreed that the risk offered was not within the prohibition; that thereupon Oaks, as agent of the defendant company, issued to Ewing and Solinsky, as trustees and receivers, insurance on the goods for $2,500, to date from noon on November 23, 1895, in consideration of a payment of $37.50; that Oaks & Abernathy paid Harwood & Crockett half of their commissions, in accordance with the agreement already referred to; that there was no proof that plaintiffs ever saw the defendant's letter of instructions to its agents, or were ever informed as to its contents; that on the night of November 23, 1895, the stock of goods, then of a cash value of $23,950.51, was partially destroyed by fire; that the plaintiffs furnished proper and sufficient proof of loss; that the daily report of the insurance by Oaks & Abernathy was not received by the defendant company until after it had received notice by wire of the loss, when it denied liability, and gave as its reasons that its agents were instructed not to insure property in liquidation; that Harwood and Crockett were cashier and assistant cashier of the People's National Bank, of which Ewing and Solinsky were directors; and that Harwood & Crockett had looked after the transfer of other insurance policies on the stock issued to Gerstle Bros., before the assignment, from the assignors to the trustees. The court left the issues to the jury, and the jury found for the plaintiffs. Exceptions were taken to several parts of the charge by the trial court, but, in the view which this court takes of the case, it is unnecessary to set out the charge or the exceptions.

Albert Marks, for plaintiff in error.

Joseph T. Allen, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge (after stating the facts).    Oaks & Abernathy were agents of the defendant insurance company to make contracts of insurance.    By a letter of instructions, of which the plaintiffs had no actual knowledge, their general agency to insure property was limited.    The limitation will not relieve the defendant, therefore, from liability for the act of its agents, though in violation of it, unless it can show that the plaintiffs are to be charged with constructive notice of the limitation, by reason of the other circumstances disclosed.    The argument on behalf of the insurance company is that Crockett was the agent of the plaintiffs in obtaining the insurance, and that, as Crockett was advised by

Oaks of this limitation, the plaintiffs are charged with knowledge of it.    Upon the facts stated, we do not think that Crockett was the agent of the plaintiffs in procuring this insurance.    He stated to the plaintiffs that there was an arrangement between the agents of the different insurance companies in Pulaski, by which, if one brought business to another, they would share commissions, and that he wished the opportunity to take this business to some other agency, so that he might share the commission.    This did not make Harwood & Crockett the agents of the plaintiffs.    They were merely insurance solicitors.    It may be—we do not decide the point—that Crockett was not the agent of the insurance company.    He might have been the agent of neither party.    He really was the agent of the agents of the defendant.    He was their solicitor of insurance. The compensation for his services had been agreed upon in advance. The plaintiffs were advised by Crockett that this was the capacity in which he was acting, and so was Oaks.    When, therefore, the insurance policy contract was brought by Crockett to the plaintiffs, he was bringing it, not as their agent, but as the agent of the representatives of the defendant company who paid him.    His knowledge could not, therefore, be charged to the plaintiffs.    Errors, if any, in the instructions of the court to the jury, could not have been prejudicial to the defendant below, because the plaintiffs were entitled, as a matter of law, to the verdict.    Judgment affirmed.