[Civ. No. 1187.   First Appellate District.—December 30, 1913.]

CALIFORNIA RECLAMATION COMPANY (a Corporation), Respondent, v. NEW ZEALAND INSURANCE COMPANY (a Corporation), Appellant.

MARINE INSURANCE—DREDGE IN TOW OF TUG—ORAL EVIDENCE THAT INSURANCE COVERS BARGES.—A policy of marine insurance which undertakes specifically to insure the dredge "San Francisco" in tow of the tug "Sea Rover," from San Francisco to San Pedro, and which by its terms is silent as to any barge to accompany the dredge, may be shown by oral evidence to cover the towing of two barges attached to the dredge.

ID.—CONCEALMENT BY INSURED—REMEDIES OF INSURER.—If the fact that the two barges made a part of the tow was concealed from the insurer, he may rely upon such concealment in avoidance of the

policy in an action thereon by the insured. Rescission is not the exclusive remedy of one who has become entitled to avoid a contract by reason of acts or omissions of the other party to it which are fraudulent in their nature; he may cancel the contract by its rescission, or he may seek affirmative relief in a court of equity for any injury sustained by the wrongful act or omission of the other, or he may set up the fraud by way of defense to an action brought to enforce the apparent liability.

ID.—MATTERS MATERIAL TO RISK—LENGTH OF TOW—CONCEALMENT BY INSURED.—The fact that barges, increasing the length of the tow two or three times, are to be attached to a dredge to be towed by a tug upon the ocean in the winter time, is a material matter increasing the risk of the voyage, and a concealment thereof by the insurer is sufficient to avoid a policy of marine insurance.

ID.—FAILURE TO READ POLICY—RIGHT TO ASSUME THAT IT CONFORMS TO APPLICATION.—One who procures marine insurance has a right to rely on the presumption that the policy he receives is in accordance with the facts disclosed in his application, and his failure to read the policy will not relieve the insurer, whose duty it is to make the policy conform to the facts received from the insured.

ID.—CONCEALMENT OF FACTS BY BROKER—EFFECT ON LIABILITY OF INSURER.—Where the owner of a barge engages a firm of insurance brokers to obtain insurance on it during an ocean voyage, disclosing to them the facts material to the risk, and they apply for policies to a firm of general agents dealing in marine insurance, giving them the information they have received from their principal relative to the risk, but the latter agents, being unwilling to place the entire risk with their company, place part of it with an agent for another company, in accordance with a custom among local insurance agents, a policy issued by the latter company is not avoided because such latter agents did not communicate to it material facts which had been given to them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Andros & Hengstler, for Appellant.

Ira S. Lillick, and James S. Spilman, for Respondent.

RICHARDS, J.—This is an action brought to recover upon an insurance policy issued by the defendant to the plaintiff,

which by its terms insures "three thousand dollars on account of California Reclamation Co., in case of loss to be paid to assured or their order, at and from San Francisco to San Pedro, upon his or their interest as owners in the body, machinery, tackle, apparel, and other furniture of the good dredge called the 'San Francisco' in tow tug 'Sea Rover,' valued at seventy-five thousand dollars."

The facts out of which the action arose are briefly these: The California Reclamation Co., a corporation, having its principal place of business at San Francisco, in the early part of January, 1906, purposed sending a dredge named "San Francisco" to San Pedro, in tow of the tug "Sea Rover"; and, wishing to insure the dredge for the sea voyage, communicated with the firm of insurance brokers, Strong, Belden & Farr, with whom they usually did business, with respect to placing the insurance. The brokers were given the name of the dredge and its dimensions and destination, and were also informed that it was the intention to tow one or two barges astern of the dredge, the dimensions of which were also given. It was understood that these brokers were to act as the agents of the California Reclamation Co., in placing the desired insurance with other companies doing the business of marine insurance. This they undertook to do, and presently solicited the desired insurance from the firm of Harrison & Co., stating to the members of that firm the information they had received from their principal regarding the dredge to be insured and the barges to be taken in tow. They presently received from Harrison & Co. several insurance policies covering the dredge, among which was the policy upon which this action is predicated, and which as to the description of the thing insured was in the language first above quoted. The firm of Harrison & Co. is in the business of marine insurance, being the general agents for several insurance companies in this line of business. Mr. Harrison, the head of this firm, testified that there is a custom as to the interchange of business between agencies, and that in accord with this custom both Mr. Harrison and the chief clerk of his firm, Mr. Burlem, took up the matter of the placing of a part of this insurance with a Mr. Fritschi, an insurance broker doing business on the street and having a desk in the office of the New Zealand Insurance Company.

There is a conflict in the evidence as to whether Mr. Burlem disclosed to Mr. Fritschi the fact that two barges were to be attached to the dredge; but it is undisputed that Fritschi did not convey this information, if he received it, to the appellant herein. The policy as issued by the latter makes no mention of barges. The commission for the several policies was divided among the several companies or persons connected with their issuance.

The tug "Sea Rover" started on the trip to San Pedro on January 11, 1906, having in tow the dredge "San Francisco," which in turn had in tow the two barges. A storm was encountered outside the heads, and the dredge went ashore near Bolinas Bay and sustained damage, for which the appellant, if liable at all, is liable in the pro rated sum of six hundred and thirty dollars.

Upon the trial the jury awarded the plaintiff this sum, for which judgment was entered, and, a new trial being denied, the appellant prosecutes these appeals.

It is the first contention of the appellant herein that the respondent ought not to have recoverd on the policy in question for the reason that it insures the dredge "San Francisco" in tow of the tug "Sea Rover"; and that any addition to either the dredge or the tug in the way of tow which materially increased the risk was such a change in the very subject matter of the insurance as worked a vitiation of the policy, and that oral evidence ought not to have been admitted to vary the precise terms of the policy as to the subject matter of the insurance.

We think that this is too narrow a view to take of the insurance contract in question; and that though it undertakes specifically to insure the dredge "San Francisco" in tow of the tug "Sea Rover," since its terms are silent as to any barge or barges to accompany the dredge, a reasonable construction of this provision would permit either party to show the fact to be that other objects than the specified dredge were or were not understood by the parties to be, though uninsured, a part of the tow.

The early Mississippi case of *Natchez Ins. Co.* v. *Stanton*, 2 Smedes & M. (Miss.) 340, [41 Am. Dec. 592], while undoubtedly correct as to the law applicable to the facts of that case, lays down a rule of construction the strictitude of

which we think must yield to the more liberal rule of our code for the interpretation of contracts; in fact in this case the chief reliance of appellant seems to be upon the point that there was a material concealment upon the part of the assured as to the inclusion of the two barges as a portion of the tow of the tug ''Sea Rover''; and that since the appellant issued its policy in ignorance of the fact that said barges were to be attached to the dredge and made a part of said tow; and since their attachment materially increased the risks and dangers of the voyage without its knowledge or consent, the appellant should not be held liable for the loss. It is the contention of the respondent that even though it should be conceded that the insured was to be charged with concealment in not having brought to the notice of the appellant as the ultimate insurer issuing the policy in question, the fact that the two barges were to be made a part of the tow, still the insurer may not rely upon such concealment in avoidance of its policy for the reason that the statute makes concealment a specific ground for the rescission of insurance contracts (Civ. Code, sec. 2562); and hence that rescission was the exclusive remedy of the insurer upon the discovery of the fact of concealment.

We do not so understand the law. Rescission is not the exclusive remedy of one who has become entitled to avoid a contract by reason of acts or omissions of the other party to it which are fraudulent in their nature. He may cancel the contract by its rescission; or he may seek affirmative relief in a court of equity for any injury sustained by the wrongful act or omission of the other; or he may set up the fraud by way of defense to an action brought to enforce the apparent liability. (*Toby* v. *Oregon Pac. R. R. Co.*, 98 Cal. 490, [33 Pac. 550]; *Field* v. *Austin*, 131 Cal. 379, [63 Pac. 692]; *More* v. *More*, 133 Cal. 489, [65 Pac. 1044]; *Mabry* v. *Randolph*, 7 Cal. App. 421, [94 Pac. 403].)

This brings us to the ultimate question to be decided in this case, viz.; whether or not there was such a concealment of material facts affecting the nature of the risk which the policy in question was issued to insure, as to entitle the insurer to avoid the policy.

The first query presented is as to whether or not the concealment, if any, of the fact that two barges, of the di-

mensions of those shown to exist in the present case, were to be attached to the dredge in question, would work a material change and increase in the risk attending the voyage. We think the practically undisputed evidence leaves no room for doubt upon this question. The attachment of the barges to the dredge increased the length of the tow about a thousand feet; and it should require no argument and little knowledge of marine risks and dangers to arrive at the conclusion that the going forth of a tug upon the ocean in winter with a tow of sixteen hundred feet in length would be attended by a material increase in risk and danger over a like voyage with a tow six hundred feet in length. We are of the opinion therefore that the concealment, if any, in this case was a material concealment sufficient to have avoided the policy upon which this action is brought.

But was there in fact any such concealment? Certainly the plaintiff cannot be charged with any direct act of concealment. Its manager, Mr. Perry, disclosed every fact relating to the dredge and the two barges, which it was intended should accompany the dredge during the voyage, to the insurance brokers, Strong, Belden & Farr, through whom it was desired to place the insurance upon the dredge. There is some conflict in the evidence as to whether these brokers conveyed this information to Harrison & Co., the general agents dealing in marine insurance to whom application was made for a policy or policies covering the insurance in question; but the jury resolved this conflict in favor of the respondent, and by its action we are bound. There is also some conflict in the evidence as to whether Harrison & Co. informed the broker Fritschi of the fact that the barges were to be included in the tow; but in this respect also the jury has found in favor of the respondent.

This narrows the inquiry to one remaining question: Whom are Harrison & Co. and the broker Fritschi to be considered as representing in the placing of the portion of this insurance for the recovery of which this action was brought? Were they the agents of the respondent? If so, their failure or that of either of them to indicate to the appellant the fact of the intended inclusion of the barges in the tow would amount to a material concealment which would avoid the policy. Were they or either of them the agents of the ap-

pellant? If so, the insurer is charged with the full extent of their knowledge; and hence there was, as to the appellant, no concealment.

The answer to these inquiries is to be found in a process of reasoning based upon the facts of the case. The firm of Strong, Belden & Farr were the conceded agents of the plaintiff in placing the insurance in question. They applied to the firm of Harrison & Co., who were in the business of marine insurance and were general agents for several companies, for a policy or policies upon the dredge; and in so doing disclosed to that firm the fact of the intended taking of the barges as a part of the tow. Had the firm of Harrison & Co. issued all of the insurance upon the dredge, including the policy in question, there can be no doubt as to their liability for the loss sustained; nor could the firm of Harrison & Co. have avoided this liability by showing that the barges were not referred to in the policy. The insured had a right to rely on the presumption that the policy it received was in accordance with the facts disclosed in its application, and its failure to read the policy will not relieve the insurer, whose duty it would be to make the policy conform to the facts received from the insured. (*McElroy* v. *British Assurance Co.*, 94 Fed. 990, [36 C. C. A. 615].) If, then, Harrison & Co. would have been liable to the respondent for this loss had they directly issued this policy, is not the appellant to whom Harrison & Co. parceled out its share of this risk also liable? Harrison & Co. were the general agents of several insurance companies engaged locally in the marine insurance business. Edgar Alexander was the marine secretary and local general agent of the New Zealand Insurance Company, engaged locally in the same business. A. R. Fritschi was a broker representing no insurance company, but having an office or headquarters, desk room free, in the offices of the New Zealand Insurance Company. There was a custom among the local agents of insurance companies to exchange or divide up business among the several companies represented by them, so that if one of their number received an order for a block of insurance larger than he could or was willing to carry in his particular company he parceled it out among his fellow agents who were willing to assume for their principals a share in the risk. In accordance with

this custom Harrison & Co., through the medium of Fritschi, placed the share of this insurance in question with their fellow agent Alexander, who took the same for his company, knowing that it was, so to speak, overflow insurance being passed out by Harrison & Co., with whom he had done business before, and in accordance with the aforesaid custom with which he was familiar. The policy when written was delivered to Harrison & Co., and it was from that firm the appellant received its share of the commission. Under such conditions the appellant must be held to stand in the place of Harrison & Co., to be bound by their knowledge, and to be liable to the same extent that they would have been liable if they had directly issued this policy. (*May* v. *Western Assur. Co.,* 27 Fed. 260; *Queen Ins. Co.* v. *Union Bank & Trust Co.,* 111 Fed. 697, [49 C. C. A. 555]; *Mesterman* v. *Home Mut. Ins. Co.,* 5 Wash. 524, [34 Am. St. Rep. 877, 32 Pac. 458]; *McElroy* v. *British American Assur. Co.,* 94 Fed. 990, [36 C. C. A. 615]; *Indiana Ins. Co.* v. *Hartwell,* 123 Ind. 177, [24 N. E. 100]; *Teutonia Ins. Co.* v. *Ewing,* 90 Fed. 217, [32 C. C. A. 583].)

The case of *Parrish* v. *Rosebud Min. & M. Co.,* 140 Cal. 635, [74 Pac. 312], is not in conflict with these views nor with the authorities above cited, since the reasoning of that case would only go to the extent of creating Strong, Belden & Farr the agents of the insured, but would not so extend that agency as to include Harrison & Co., to whom, as general agents doing marine insurance, the application of the insured was made.

The judgment and order denying a new trial are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 27, 1914.