[Civ. No. 7404. First Appellate District, Division One.—April 8, 1931.]

ARTHUR B. DUNNE, Appellant, v. THE PHOENIX INSURANCE COMPANY OF HARTFORD, CONNECTICUT (a Corporation), Respondent.

Dunne, Dunne & Cook for Appellant.

J. F. Riley for Respondent.

TYLER, P. J.—Action on a fire insurance policy.

So much of the facts as are necessary for a discussion of the principles involved may be stated as follows: One Brown, assignor of plaintiff, was doing business under the fictitious name National Upholstery Supply Company. He had dealings with one Smith, an agent representing Kohlman Moss and Cotton Felt Manufacturing Company, which resulted in a contract of sale of eighty-three bales of moss, used in the upholstery of furniture. The bales of moss were shipped from New Orleans to San Francisco. Prior to the shipment, Smith had advised his firm concerning the transaction and received certain instructions from it which he immediately communicated to Brown in writing. The letter contained the terms and conditions of sale and was in substance as follows: Under telegraphic authority from my principals, I am pleased to confirm sale to your firm of approximately 14,000 lbs. of moss at ten cents per pound delivered in San Francisco; drayage, storage, insurance at your expense; terms of payment cash against delivery orders on warehouse, details in this regard to be handled through the banking connections of the seller; shipment directed to Central Warehouse & Drayage Co. All the documents in connection with the transaction were forwarded to The Anglo & London Paris National Bank and delivered by it to the warehouse company. After the arrival of the moss Brown visited the warehouse, inspected the same and found it to be satisfactory. He was desirous of withdrawing ten bales and consulted the bank concerning the matter. He was referred by it to the warehouse company. Under arrangements with said company, he paid for and withdrew the bales required. After the arrival of the moss the warehouse company caused it to be insured. The first intimation Brown had that the property was insured was when he received a bill for the amount of the premium. At the time of the application on the part of the warehouse company

for insurance on the moss, Brown made no representations or warranties concerning the title to the moss and in fact, as stated, he knew nothing about the insurance, nor was he acquainted with the agent who caused the policy to be issued. The policy was issued upon facts ascertained by defendant company without any communication to or from Brown. Shortly after the issuance of the policy of insurance, the moss was damaged by fire. Brown immediately wired the seller and advised it that the moss was damaged and he could not accept the same. The seller insisted that the transaction amounted to a completed sale and that as the title was in Brown he should suffer the loss. Upon consulting his attorney he was advised that the loss fell upon him. Thereafter Brown presented preliminary proof of loss in which he stated that title to the moss was in him subject to a possessory lien for payment. Brown then possessed the damaged moss as owner, with the knowledge of the seller, and sold the same for salvage.

The policy of insurance was the California standard form fire insurance policy with a rider attached thereto. The policy named the insured thereunder, National Upholstery Supply Company only, and the property insured was not specifically described. It contained a provision making it void if the interest of the insured be other than unconditional and sole ownership. Contrary to the conclusion reached by the seller and buyer as to title, defendant took the position that the transaction between the seller and the buyer was a mere executory contract of sale in which the title to the moss had not passed, and the sole and unconditional title not being in Brown, the policy was void and no recovery could be had thereon. After demand in the sum of $787.50 upon the company and its refusal to pay, the present suit followed. Trial was had without a jury and the court found among other things that Brown was not the sole and unconditional owner of the damaged property and was, therefore, not entitled to recover upon the policy. Judgment was accordingly rendered in favor of defendant. Plaintiff appeals.

Counsel for both parties have furnished us with numerous authorities both in this state and from other jurisdictions as to when title passes under contracts of sale. As a general rule the question of when the title of goods sold passes from

a seller to a buyer is one of intention between the parties. We do not deem a discussion of this question to be necessary, for whether the transaction in the instant case constituted a sale with a passing of the title or merely an executory agreement of sale, with title remaining in the vendor until payment made, becomes unimportant, as we are of the opinion that the policy was issued under circumstances which show that the condition or warranty that the insured was the unconditional owner of the goods was waived by defendant and that it is estopped to invoke the asserted breach as a defense. Under such circumstances the question as to who held the technical legal title is not here controlling. It is a generally recognized rule that where an insured has an insurable interest, the issuance of a policy without any oral or written representations by him, or inquiry by the carrier as to his title in the insured property, constitutes a waiver of all provisions in the policy providing for its forfeiture by reason of any facts or circumstances affecting the title. (26 C. J. 317.) In such a case the company will be presumed to have written the policy on its own knowledge and cannot complain after loss that such facts were not correctly stated in the policy or disclosed by the insured. (*Manchester Fire Assur. Co.* v. *Abrams,* 89 Fed. 932; *Raulet* v. *Northwestern etc. Ins. Co.,* 157 Cal. 213 [107 Pac. 292].) Under such circumstances it is only just to assume, when a company without any inquiry as to the character of the ownership of the insured issues a policy and receives a premium, that it intended to cover whatever interest the insured had in the property. (*Kavanaugh* v. *Franklin Fire Ins. Co.,* 185 Cal. 307 [197 Pac. 99]; *Wong* v. *Stuyvesant Ins. Co.,* 100 Cal. App. 109 [279 Pac. 1050]; 5 Cooley, Briefs on Insurance, 2d ed., 4226.) Where, as here, the warranty or condition as to title does not affect the risk, the insurance should not be held to be ineffective, as its breach cannot fairly be said to have been the reason of the condition or warranty, and hence not within the contemplation of the parties. (*Victoria S. S. Co.* v. *Western Assur. Co.,* 167 Cal. 348 [139 Pac. 807]; *Wilkinson* v. *Standard etc. Co.,* 180 Cal. 252 [180 Pac. 607].) As hereinabove stated, the technical title to the property had no bearing on the risk, as it was deposited in a public warehouse. That Brown had an insurable interest in the property there can be in our

minds no question. A purchaser or personal property has an insurable interest therein, although he has not fully paid the purchase price nor acquired title. (26 C. J. 32, 33; *Davis* v. *Phoenix Ins. Co.*, 111 Cal. 409 [43 Pac. 1115]; Civ. Code, secs. 2546, 2547, 2549.) Appellant advances the further contention that the rider attached to the policy in effect waived the provision as to unconditional ownership and was issued with the intent to cover the property irrespective of its actual ownership. While we are of the opinion that there is merit in this claim, a discussion of the same would answer no useful purpose, considering the conclusion we have reached. The facts being undisputed,.there is no necessity for a new trial.

The judgment is reversed with direction to the trial court to enter judgment for plaintiff.

Knight, J., and Ward, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 8, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 4, 1931.