[Civ. No. 1934. Fourth Appellate District.—August 7, 1936.]

A. J. KAHN, Respondent, v. ALLEMANNIA FIRE INSURANCE COMPANY OF PITTSBURG (a Corporation), Appellant.

Redman, Alexander & Bacon and Herbert Chamberlain for Appellant.

A. T. Procopio for Respondent.

TURRENTINE, J., *pro tem.*—An explosion and fire, or a fire and explosion, occurred on the premises occupied by the Four Leaf Clover Market in the city of San Diego

in the early morning of April 4, 1934. Insurance on the contents of the premises had been issued to plaintiff wherein defendant issued one policy in the principal sum of $1,000 on furniture, fixtures and equipment. Defendant issued a second policy of $1,000 on merchandise, consisting principally of fruit and vegetables. Following the fire the insured had the necessary proofs of loss prepared by an adjuster and delivered to the attorney for the insured which was by him delivered to the insurer. The full amount of the policy was claimed. Each proof of loss recited that the insured property belonged to the insured in fee simple at the time of the fire and that no other person or persons had any interest therein.

The insured and insurer were unable to agree on the amount of the loss. By agreement the value of the property claimed to have been lost in the fire was determined to be $4,075.26, representing fixtures, and $950 representing merchandise. Other insurance on the property was carried in another company and the same claim of loss was used in both instances. It is conceded that the several policies were executed; that the insured property was destroyed on April 4, 1934; that proofs of loss were timely made; that the value was truly fixed and that the evidence on behalf of plaintiff was sufficient to establish that the property was destroyed. The defendant pleaded several special defenses. The trial court disposed of these special defenses adversely to defendant and such disposition by the trial court was claimed to be error and is the occasion of the appeal.

Appellant's first contention is that the judgment lacks evidentiary support for the reason that the insured kept, used, allowed or exposed gasoline on the premises in prohibited quantities. The policies contained provisions exonerating the insurer from liability for loss or damage "occurring while there be kept or used or allowed on the described premises exceeding one quart each of gasoline, benzine, naphtha or ether". Appellant claims the evidence of the fire marshal, E. R. Newton, and his assistant, J. R. Daugherty, establishes this defense. It is true that after the fire was put out they testified that they found the gasoline in an amount in excess of one quart. It is also true that the plaintiff and three other witnesses testified that they did not keep gasoline on the premises and that

there was none there and that there was none used or allowed on the described premises before and after the fire. We are thus met with a conflict in the evidence, and the finding of the trial court adverse to defendant is conclusive.

█ Appellant complains that the judgment including interest from the date of the fire was erroneous. We agree with this contention. The plaintiff should be allowed interest from the time when the amount payable has been made certain and has become due. The policies provided that the loss should be payable ''in thirty days after the amount has been obtained, either by agreement or by appraisement''. The amount of the loss was obtained by appraisement on August 31, 1934. The loss was, therefore, payable not later than September 30, 1934. Interest should be allowed from September 30, 1934, instead of April 4, 1934. (*Jacobs* v. *Farmers' Mutual Fire Ins. Co.*, 5 Cal. App. (2d) 1 [41 Pac. (2d) 960]; Civ. Code, sec. 3287.) No complaint was made of this in the trial court.

The judgment is modified by striking out the interest prior to September 30, 1934, at the rate of seven per cent per annum, and as so modified it is affirmed. Respondent to recover costs.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.