[Civ. No. 1935. Fourth Appellate District.—August 7, 1936.]

A. J. KAHN, Respondent, v. COMMERCIAL UNION FIRE INSURANCE COMPANY OF NEW YORK (a Corporation), Appellant.

43

Redman, Alexander & Bacon and Herbert Chamberlain for Appellant.

A. T. Procopio for Respondent.

TURRENTINE, J., *pro tem.*—In this case the defendant issued two policies of fire insurance to plaintiff (1) covering $500 on merchandise consisting principally of meats, and $2,500 on furniture, fixtures and equipment, and (2) one covering $500 on furniture, fixtures and equipment. Loss occurred at the time and in the manner set forth in the facts in the case of *Kahn* v. *Allemannia Fire Insurance Co.* (*ante,* p. 39 [60 Pac. (2d) 149]), this day decided.

The defendant raises the same special defenses in this case as was raised in *Kahn* v. *Allemannia Fire Insurance*

*Co.*, and in addition thereto other special defenses which will be given consideration.

The defense that gasoline was kept on the premises in prohibited quantities is decided adversely to appellant on the authority of and for the same reason as set forth in *Kahn* v. *Allemannia Fire Insurance Co.*

 It appeared that certain meat and merchandise covered by the first policy of defendant were owned by Mr. Kahn and Mr. Fleharty as copartners. Claim for the loss was made by plaintiff alone as the owner. Defendant claims that this voids the first policy for the reason that the insured was not the sole and unconditional owner of all of the property insured thereunder. The policy provided that it should be void "if the interest of the insured be other than unconditional and sole ownership". It further appears in the evidence of the insurance brokers who solicited and obtained the insurance on behalf of defendant that no inquiry relative to the title to the property covered in the policies was made by them and that they received no information relative to the title of the property to be covered by the insurance; that no written representation to the company regarding plaintiff's title to the property was made, and no representation to the company of any kind, character or nature regarding plaintiff's title to the property was made.

Under facts practically identical, it was said in *Dunne* v. *Phoenix Ins. Co.*, 113 Cal. App. 256 [298 Pac. 49, 50]: "It is a generally recognized rule that where an insured has an insurable interest, the issuance of a policy without any oral or written representations by him, or inquiry by the carrier as to his title in the insured property, constitutes a waiver of all provisions in the policy providing for its forfeiture by reason of any facts or circumstances affecting the title. (26 C. J. 317.) In such a case the company will be presumed to have written the policy on its own knowledge and cannot complain after loss that such facts were not correctly stated in the policy or disclosed by the insured."

The same rule was approved and laid down in slightly different language in *Kavanaugh* v. *Franklin Fire Ins. Co.*, 185 Cal. 307 [197 Pac. 99]. It follows that this contention of appellant must fail.

■ Appellant contends that the judgment against it in the sum of $2,500 lacks evidentiary support for the reason that the insured was guilty of false swearing in his proof of loss. This is based on the evidence that in the proof of loss the insured swore that he was the unconditional owner of the meats when in fact they were owned by respondent and Mr. Fleharty as copartners. The policy provided that it should be void "in case of any fraudulent or false swearing by the insured touching any matter relating to this insurance or the subject thereof, either before or after loss". "It is well established that the untrue statement, in order to avoid the policy, must have been knowingly and intentionally made by the insured with knowledge of its falsity and with the intention of defrauding the company. (Citing cases.) Again, whether a false statement was so made is a question of fact for the jury." (*Miller* v. *Fireman's Fund Ins. Co.*, 6 Cal. App. 395 [92 Pac. 332, 333].)

There was sufficient evidence to submit this issue to the jury and for them to find either for or against defendant. Having found against defendant on conflicting evidence we cannot say as a matter of law that such finding lacks evidentiary support.

■ The trial court submitted to the jury the question of whether plaintiff kept, used, allowed or exposed gasoline on his premises in prohibited quantities, under proper instructions as to the law pertaining thereto. As to this defense the trial court commented in substance as follows: "It seems to me that the evidence is very weak in support of the contention that this plaintiff by placing any gasoline on the premises at all, increased the hazard. I therefore invite your careful scrutiny of that proposition, especially in view of the fact that the defendant has waived the defense of arson."

The record discloses that a great deal of evidence was produced on the pleaded defense of arson, and that after the evidence was in, defendant voluntarily waived the defense of arson. Inasmuch as the evidence respecting gasoline being kept on the premises was given by the fire marshal and his assistants and related solely to gasoline being found on the premises after the fire, we do not think it error to call to the attention of the jury the fact of the waiver of the

defense of arson and to tell them in effect not to confuse the two defenses, that is, the defense of arson and the defense of keeping gasoline in prohibited quantities, and to emphasize the fact that the defense of arson had been waived.

The other comment on the evidence related to the defense evidence as a whole, in support of their contention that gasoline was kept on the premises in prohibited quantities. The question presented then is, can the trial court express his opinion to the jury that all of the evidence presented by a party, either in a cause of action or defense thereto, is very weak, without commenting on any portion of specific evidence? So far as we are advised this question has not arisen in a civil case since article VI, section 19 of the Constitution has been amended. This section reads: ''The court may instruct the jury regarding the law applicable to the facts of the case, and may make such comment on the evidence and the testimony and credibility of any witness as in its opinion is necessary for the proper determination of the case. The court shall inform the jury in all cases that the jurors are the exclusive judges of all questions of fact submitted to them and of the credibility of the witnesses.''

If the trial court can make a comment on the credibility of any witness we see no reason why it cannot make a comment and give its opinion on the strength or weakness of the evidence on the cause of action as a whole, or of the defense, or any separate defense, as a whole. Otherwise the constitutional amendment is robbed of all vitality and does not accomplish its manifest intention. Of course in this case the court also informed the jury that they, the jurors, are the exclusive judges of all the facts submitted to them and of the credibility of the witnesses. When this was done the jury was advised that it could disregard the opinion and comments of the trial court as it saw fit and could bring in a verdict for or against the defendant. In *Lewin* v. *United States,* 62 Fed. (2d) 619, it was said: ''The defendant contended that Kelly's illness was a mere pretence—a smoke screen to divert attention from the unfortunate killing of the man on the Lassgehn. The trial judge took no such view of the evidence. He submitted the point to the jury with a strong intimation of his opinion about

it. They were, however, clearly and strongly cautioned not to accept his views about facts unless they agreed with him. If he thought the defendant's contention plainly unmeritorious, he was certainly within his right, and probably within his duty, in saying so.''

In *People* v. *De Moss,* 4 Cal. (2d) 469 [50 Pac. (2d) 1031], it was said: ''A trial court may, under the constitutional provision, comment upon the evidence as a whole or upon the testimony or credibility of any witness providing its comment is temperately and fairly made and is not argumentative or contentious to a degree which makes it characteristically an act of advocacy. Its comment is not confined to a colorless recital, by way of summing up the facts. Such a conclusion would destroy and render ineffectual the very purpose of the constitutional amendment.''

While these comments made by the trial court were in criminal cases, we do not think they are any less applicable to a civil case. This case is easily and clearly distinguished from *People* v. *Talkington,* 8 Cal. App. (2d) 75 [47 Pac. (2d) 368], wherein the jury was advised to find the defendant guilty and such advice was given after the jury had been once instructed and had returned to the court for further instruction. The other comments of the trial court fall within the same rule and do not constitute error.

■ Appellant complains that its requested instructions on inferences, warranties, unconditional ownership and false swearing should have been given. While such instructions were not given in the form requested by appellant an examination of the record discloses that each subject was carefully considered and covered by the trial court correctly. Having been correctly covered by the trial court, in its own words, this was sufficient.

■ Appellant complains that the trial court took the fallen building defense from the jury. Under the evidence it was correct in so doing. ''Where the contract of insurance contains a 'fallen building' clause, and also a clause exempting the company from liability for loss caused by an explosion of any kind unless fire ensues, and in that event limiting the liability to the damage by the fire only, it is the settled rule that the company is liable for the damage resulting from a fire ensuing upon an explosion even though

the explosion cause the building to fall.'' (*Rossini* v. *Saint Paul Fire etc. Ins. Co.*, 182 Cal. 415 [188 Pac. 564].)

The judgment erroneously included interest at seven per cent from April 4, 1934, when it should have been allowed from September 30, 1934. No complaint was made of this fact in the trial court.

The judgment is modified by striking out interest prior to September 30, 1934, and as so modified is affirmed. Respondent to recover costs.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.