**GAWECKI et al. v. DUBUQUE FIRE & MARINE INS. CO. OF DUBUQUE, IOWA.**

**GAWECKI v. GENERAL INS. CO. OF AMERICA.**

Nos. 5869–Y, 5868–Y.

District Court, S. D. California, C. D.

Aug. 6, 1947.

George Penney, of Los Angeles, Cal., for plaintiffs.

E. Eugene Davis, of Los Angeles, Cal., for defendant General Life Ins. Co.

Angus C. McBain, of Los Angeles, Cal., for defendant Dubuque Fire & Marine Ins. Co. of Dubuque, Iowa.

YANKWICH, District Judge.

The above-entitled causes, heretofore tried, argued and submitted, are now decided as follows:

It Is Ordered, Adjudged and Decreed that:

(1) In Cause No. 5868-Y, the plaintiffs take nothing against the defendant General Insurance Company of America, a corporation, and that the said defendant do have and recover from the plaintiffs its costs and disbursements therein.

(2) In Cause No. 5869-Y, the plaintiffs take nothing against the defendant Dubuque Fire & Marine Insurance Company of Dubuque, Iowa, a corporation, and that the said defendant do have and recover from the plaintiff its costs and disbursements therein.

■ I am of the view that the plaintiffs are not entitled to recover in either case. The defendants in their Answer pleaded the violation of a clause of the fire insurance policy relating to unconditional and sole ownership. For a while, and until the cause was fully argued, I believed that this was the only issue. Had this been so, the plaintiffs would have been entitled to recover, under those cases which hold that only a positive concealment of the facts as to ownership is a defense, and that where no inquiry is made as to ownership, the principle does not apply. Dunne v. Phoenix Insurance Co., 1931, 113 Cal. App. 256, 298 P. 49; Ames v. Employers' Casualty Co., 1936, 16 Cal.App.2d 255, 60 P.2d 347; Kahn v. Commercial Union Fire Insurance Co., 1936, 16 Cal.App.2d 42, 60 P.2d 177. However, the defendants have raised a more fundamental question, violation of the provision relating to chattel mortgages. This provision is made mandatory by the law of California, California Insurance Code, Secs. 2070, 2071. As interpreted by the courts of California, the effect of this provision is to suspend a fire insurance policy while the chattel mortgage is on the property. There was no disclosure of the existence of the chattel mort-

gage or waiver of the condition by either company under the terms of the clause of each policy. This brings the case under the rule declared in such cases as Hargett v. Gulf Insurance Company, 1936, 12 Cal.App.2d 449, 55 P.2d 1258 and cases therein cited, dating back to Steil v. Sun Insurance Company, 171 Cal. 795, 155 P. 72, decided in 1916, and which has been followed ever since. See also, Cinema Schools v. Westchester Fire Insurance Co., D. C. Cal., 1932, 1 F.Supp. 37, and Cinema Schools v. Federal Union Insurance Co., D. C. Cal., 1932, 1 F.Supp. 42, both decided by Judge John Knox of the Southern District of New York, while sitting in this district. See also, Sun Insurance Office v. Scott, 1931, 284 U.S. 77, 52 S.Ct. 72, 76 L.Ed. 229. There has been no waiver of this condition by any agent of either company authorized to make such waiver. See the above cases and the opinion of our late colleague Ralph E. Jenney, in Alexander v. General Insurance Co., of America, D. C. Cal., 1938, 22 F.Supp. 157.

■■ So far as the General Insurance Company is concerned, this point was left without any doubt at the time of the trial. As to the Dubuque Fire & Marine Insurance Company of Dubuque, Iowa, there was some question as to whether the knowledge of Mrs. O'Rourke, who secured the insurance, was transmitted to the Company through Mr. Myer Pransky. But, in view of the stipulation contained in the letter which has been filed since the trial, I am of the view that Mr. Pransky merely having authority to solicit insurance and not having authority to issue or countersign policies, could not bind the company by knowledge which he acquired as to the existence of the mortgage. And what is more, such mere knowledge without more was not effective as a waiver of the condition. For the policies distinctly provided for the only manner of waiving conditions in them. See, Wilson v. Maryland Casualty Co., 1937, 19 Cal.App.2d 463, 65 P.2d 903.

■■ After the cause had been submitted, it was reopened at the request of the plaintiffs for the purpose of allowing proof of compliance with Section 3440 of the

Civil Code of California. This is the familiar section which requires a seven-day notice of intended sale or mortgage of stock in trade, fixtures, or equipment, and publication of such notice at least once during the seven-day period, to be completed not less than two days before the date of the sale or mortgage.

The object of this section is to protect the creditors against surreptitious sale or encumbrance of the stock in trade of a merchant, or the fixtures or equipment of a cafe owner on the basis of the ownership of which the creditors may have extended credit. See my opinion in Re Mercury Engineering Co., D. C. Cal., 1946, 68 F.Supp. 376, 379.

The chattel mortgage was dated July 7, 1945. It was recorded August 22, 1945. The notice of intention to mortgage was dated June 15, 1945, and was recorded at 3:21 o'clock p. m. of that day. Publication was made in the Independent-Review, a newspaper of general circulation, in its issue of June 15, 1945.

So we have full compliance with the requirement of Section 3440. But this cannot be of any assistance to the plaintiffs. The rights of the defendants, so far as the existence or non-existence of the mortgage is concerned, are not those of general creditors covered by this section. They are contractual, stemming from the contract of insurance. And the policies embodying such contract contained the following clause: "Chattel mortgage. Unless otherwise provided by agreement in writing endorsed hereon or added hereto this company shall not be liable for loss or damage to any property insured hereunder while encumbered by a chattel mortgage, but the liability of the company upon other property hereby insured shall not be affected by such chattel mortgage."

So this clause says specifically that "unless otherwise provided by agreement in writing, endorsed hereon or added hereto," the insurance company shall not be liable, under the policy, for loss or damage of the property insured "while encumbered by chattel mortgage."

This suspension of liability is, therefore, effective unless the company, through its authorized agent and with actual knowledge of the existence of the chattel mortgage, has waived the condition. As already appears, there was no such waiver. And the notice under Section 3440 of the California Civil Code cannot take its place.

It is to be regretted that there is no way of compensating the plaintiffs for the undisputed loss which they sustained through the fire. But, as the contracts were of their own making, and in the form made mandatory by the statutes of California, we cannot create liability where none exists.

Hence the rulings above made.