222 F.2d 438
 REPUBLIC INDEMNITY COMPANY of America, a corporation, Appellant,
v.
Virdell MARTIN, a minor; Robert Beavers, a minor; Orville Beavers, a minor; Jerry Beavers, a minor; and Ernest Beavers, Appellees.
 No. 5041.
 United States Court of Appeals Tenth Circuit.
 May 3, 1955.
 
 Marvin Finell, Beverly Hills, Cal. (Ritter & Collins, Ardmore, Okl., were with him on the brief), for appellant.
 Wilson Wallace, Ardmore, Okl., for Virdell Martin and William Rann Newcomb for Robert Beavers, et al. (Champion & Wallace and Champion & Champion, Ardmore, Okl., were with them on the brief), for appellees.
 Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.
 HUXMAN, Circuit Judge.
 
 
 1
 This was an action by Republic Indemnity Company of America, herein called Republic, for a declaratory judgment under the Declaratory Judgment Act,[1] declaring and adjudicating Republic's rights and liabilities under an automobile insurance policy issued to Carl K. Camplain. The insurance policy was dated June 20, 1953, and covered a 1940 Chevrolet automobile and was issued for a period of one year.
 
 
 2
 The facts out of which the controversy arose are substantially these. In October, 1952, R. K. Camplain together with his family, including his son Carl, left his farm home in Carter County, Oklahoma, and went to California. He leased his farm for a period of fourteen months. It was his intention to return thereto at the end of that period. Prior to June 20, 1953, the Camplains began residence in Puenta, Los Angeles County, California. While there they purchased a 1940 Chevrolet, the title to which was placed in the father's name. Because they could not get liability insurance through ordinary means which would cover the son's liability, he being sixteen years of age, Carl with his father applied for insurance through the California Automobile Assigned Risk Plan at the Yust and Baer Insurance Agency in Baldwin Park, Los Angeles County, California. The application upon which the policy was issued was signed by Carl. It gave his address as 1235 N. Balista, Puenta, California. Statement 4 in the declaration upon an interpretation of which this litigation hinges is as follows: "4. The vehicle will be principally garaged in the above town, county and state, unless otherwise specified herein:" In the blank line immediately below appears the word "Yes."
 
 
 3
 The Camplains continued to reside at the address given in the declaration until some time in November, 1953, when the father with his family, including Carl, returned to his farm in Carter County, Oklahoma. Shortly thereafter Carl, while driving the car, was involved in an automobile accident.
 
 
 4
 Republic's position is that the answer to Statement 4 in the declaration that the car would be principally garaged at the address given therein constituted a warranty and that its removal to Oklahoma was a breach thereof which voided the policy and relieved it from liability thereunder.
 
 
 5
 The trial Court found that during the latter part of 1953 R. K. Camplain moved his family, including his son Carl, to his farm in Carter County, Oklahoma, where they made their permanent residence and where they have continuously resided since except that Carl had returned to California where he was then residing. The court further found that the policy did not require the insured to give notice to the insurer that the vehicle would be removed from the address in California and that by the express provisions of the policy the insured was authorized to use the car at any place within the limits of the United States, its territories or possessions, Canada or Newfoundland. The court concluded as a matter of law that the statement in the policy that the vehicle would be principally garaged at the address in California was not a warranty which prohibited the removal of the car to the State of Oklahoma; that there was no breach of warranty and that no notice of removal of the vehicle from California was required. Based upon these findings and conclusions of law, the court rendered a judgment that the policy was in full force and effect and the company was liable thereunder.
 
 
 6
 Republic at the time of oral argument stated that the disposition of this case is controlled by the decision of the California District Court of Appeal in Purcell v. Pacific Automobile Insurance Company, 19 Cal.App.2d 230, 64 P.2d 1114. The declaration in the policy in that case was that the insured car was principally used and garaged in Bakersfield, California, whereas in fact it was from the inception of the policy garaged and used in Los Angeles, where a much higher rate of insurance was charged. It was agreed by the parties to that litigation that the warranty was a material one. Its materiality was based upon the fact that a higher rate of insurance was charged for a car which was operated in the City of Los Angeles.
 
 
 7
 In this case there was no representation that the car would be principally used where it was garaged, nor do we think that this is drawing a technical distinction. Liability risk stems from the use to which a car is put, not where it is garaged. So far as any representations which the insured made in the declaration are concerned, he could have garaged it every night in the garage at the address in the policy and operated it every day in the City of Los Angeles, without violating a single statement made by him in the declaration which induced the issuance of the policy. It is a universal principle adhered to by California[2] that an insurance policy will be strictly construed against the insurer and liberally in favor of the insured. Had Republic intended to limit the principal use of the car to the place where it was garaged, it should have so provided in plain and unequivocal language.
 
 
 8
 California has relaxed the strict rule providing that the breach of any warranty, no matter how immaterial to the risk, will void the policy. Section 447 of the Insurance Code Annotated of California 1949 provides that "The violation of a material warranty or other material provision of a policy, on the part of either party thereto, entitles the other to rescind" and Section 448 provides that "Unless the party declares that a violation of specified provisions thereof shall avoid it, the breach of an immaterial provision does not avoid the policy." In California the right to avoid liability under a policy would then seem to depend upon the materiality of a provision and not upon whether it fell within the general classification of a warranty or representation. In Victoria S. S. Co. v. Western Assur. Co., 167 Cal. 348, 139 P. 807, 812, the court said that under these provisions "no right to avoid or rescind a subsisting policy occurs from the violation of any provision thereof, whether technically a warranty or not,[3] unless such provision is material, except in cases where the policy itself declares that such breach shall avoid it."
 
 
 9
 We do not believe that the parties ever intended that changing the place where the car was to be principally garaged alone and without more would vitiate the policy. No duty was cast upon the insured by the terms of the policy in case he made a change of place of garaging the car to notify the company, or to do or perform any act in order that coverage should extend to the automobile in its new location. The policy contained no provision that the car insured was covered only when located and garaged at the place designated in the declaration. The absence of such a provision or one similar thereto makes it extremely doubtful that it was ever intended that the policy would be vitiated by a mere change in its location.[4] This conclusion is fortified by the further fact that the policy gave the insured the right to use it throughout the entire United States, its territories, possessions, in Canada and in Newfoundland. Under these provisions the insured could well have been engaged in touring these territories for the full year covered by the policy and would thus have been unable to garage it in the place designated in the declaration.
 
 
 10
 Appellee strenuously contends that the answer to Question 4 does not constitute a warranty, but for the purpose of this opinion it has been treated as a warranty. We have held that it was not breached because it was not intended by the parties that changing the garaging of the car was prohibited. But even if it should be held that there was a breach, it would not release Republic from liability because it was with respect to an immaterial matter. Had Republic intended that the breach of a warranty, whether material or immaterial, should release it from liability, the policy under California law should have so stated in clear and specific terms.[5]
 
 
 11
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 28 U.S.C.A. § 400, now 28 U.S.C.A. §§ 2201, 2202
 
 
 [2]
 Kautz v. Zurich General Accident & Liability Ins. Co., 212 Cal. 576, 300 P. 34; Dunne v. Phoenix Ins. Co. of Hartford, Conn., 113 Cal.App. 256, 298 P. 49
 
 
 [3]
 Emphasis supplied
 
 
 [4]
 Kautz v. Zurich General Accident & Liability Ins. Co., 212 Cal. 576, 300 P. 34
 
 
 [5]
 Section 448, Insurance Code Annotated, California
 In interpreting this Section, the Supreme Court of California in Victoria S.S. Co. v. Western Assur. Co., 167 Cal. 348, 139 P. 807, 811, said, "Under these provisions, no right to avoid or rescind a subsisting policy occurs from the violation of any provision thereof, whether technically a warranty or not, unless such provision is material, except in cases where the policy itself declares that such breach shall avoid it."