[S. F. No. 2096.     Department One.—June 12, 1902.]

## P. A. SHARP, Respondent, v. SCOTTISH UNION AND NATIONAL INSURANCE COMPANY, Appellant.

FIRE INSURANCE—UNDIVIDED INTEREST OF ASSURED—POLICY PAYABLE TO MORTGAGEE—RETENTION OF PREMIUM—KNOWLEDGE OF FACTS—WAIVER OF CONDITION.—Where there was no fraud, false swearing, concealment, or misrepresentation by the applicant for a policy of fire insurance which made the loss payable to a mortgagee, and the policy was written by an agent of the company, who delivered it to a representative of the mortgagee, and a full·premium was paid and retained by the insurance company without offer of rescission after

knowledge of the facts, and the assured person had an insurable interest in the property, though his wife was the owner of an undivided half interest therein, the policy may be enforced by the mortgagee, notwithstanding a clause that if the interest of the insured be other than unconditional and sole ownership the policy should be void.

Id.—Presumed Knowledge of Facts—Condition of Title—Waiver of Inconsistent Provisions.—In such case, the company must be presumed to have issued the policy with knowledge of the condition of the title, which was not inquired into, and to have assured the property with such knowledge, and to have waived provisions of the policy inconsistent therewith.

Id.—Condition against Foreclosure—Filing Complaint—Statute of Limitations.—The policy being expressly made payable to the mortgagee in case of loss, as the interest of the mortgagee might appear, a condition against foreclosure of the mortgage cannot render the policy void by reason of the filing of a complaint by the mortgagee to prevent the bar of the statute of limitations against the mortgage.

Id.—Construction of Insurance Policies.—Insurance policies, like all other contracts, should be considered as a whole, and the different parts thereof read together.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Ernest Sevier, and J. W. Goodwin, for Appellant.

A. J. Monroe, for Respondent.

VAN DYKE, J.—This is an action on a policy of insurance against fire. Verdict and judgment went for the plaintiff, and the appeal is taken from the judgment and from an order denying defendant's motion for a new trial. The name of the insured mentioned in the policy was Archie McBride, and the dwelling-house and property insured, it appears, was at the time owned by said Archie McBride and his wife, Edith McBride, jointly, and it is contended by the appellant that the judgment should be reversed on the ground that there can be no recovery in this case, inasmuch as the policy contains a clause to the effect that if the interest of the insured in the property insured be other than unconditional and sole ownership the policy shall be void. Such provisions

are usual in policies of insurance against fire, and are inserted, of course, for the protection of the insurer, on the theory doubtless that one who owns property will be more likely to exercise care in its protection than one who has none or but a small interest in it. But insurance policies, like all other contracts, should be considered as a whole, and the different parts thereof read together. It is provided in the policy under consideration: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject-matter thereof; or if the interest of the insured in the property be not truly stated therein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject-matter thereof, whether before or after loss." In this case no fraud, false swearing, concealment, or misrepresentation is suggested. The policy was written by the agent of the defendant company, and he testifies: "When I wrote this policy my office was here in Eureka, and I wrote the policy there, and Mr. McBride at that time resided on the property about twenty-six or thirty miles away from Eureka. Mr. McBride was not present when the policy was written, and I did n't know that Mrs. McBride owned an undivided half of the property. I did not say anything to Mr. McBride about his title to the property, and did not tell him what kind of a policy I was going to write, nor anything about the conditions that were to be in the policy." A Mr. Noe, son of the mortgagee plaintiff, it seems, transacted the business with the agent of defendant, and prepared the mortgage clause which was inserted in the policy by said agent. He says: "I had no conversation with Mr. Dickson about the title or character of the property. He fixed the amount of the insurance. He brought the policy to my office, and I kept it until after the fire, as the representative of the mortgagee." There was no written application for the policy upon the part of McBride, nor did he make any representations or statements with reference to the ownership of the property, but the agent in preparing the policy, it seems, acted upon his own information in the premises. The company received premium on the whole of the value of the property, whereas only a portion—to wit, the house and

furniture—was destroyed, and the claim of the plaintiff as mortgagee is limited to a portion of the loss upon the house alone. The company retains the consideration of the contract, and at the same time is seeking to escape liability thereunder, without ever offering to rescind; on the contrary, with full knowledge of all the facts, and after the fire occurred, offered five hundred dollars in compromise for the loss occasioned thereby. In *Manchester Fire Assurance Co.* v. *Abrams,* 89 Fed. 932, 936, it is said: "Sound reason, as well as the weight of authority, inclines us to the view that when the assured has an insurable interest in the property, and in good faith applies for insurance upon the same, and makes no actual misrepresentation or concealment of his interest therein, and the insurance company refrains from making inquiry concerning his interest, and issues a policy to him, and accepts and retains his premium, the company must be presumed to have knowledge of the condition of his title and to assure the property with such knowledge." In this case the property insured consisted of a dwelling-house of the estimated value of eighteen hundred dollars, furniture therein (three hundred dollars), and barn (four hundred dollars), and the insurance ran from June, 1896, to June, 1899, and the fire occurred January, 1898. In *Allen* v. *Home Ins. Co.,* 133 Cal. 29, it is said: "The issue of a policy upon known facts waives all conditions inconsistent therewith." In *Balfour-Guthrie etc. Co.* v. *Woodworth,* 124 Cal. 169, a similar defense was set up to a recovery on a fire insurance policy, and the court say: "Notwithstanding the fact then that plaintiff's interest in the property was not that of a sole and unconditional owner, nevertheless she did have an insurable interest which will support her action."

The policy also contained a provision that if, with the knowledge of the insured, foreclosure proceedings should be commenced on any of the property covered by the policy it should become void. It appears that during the period covered by the insurance proceedings were commenced to foreclose,—that is, a complaint was filed, as stated, for the purpose of preventing a bar to the action by the statute of limitations. Summons, however, was not issued, and the mortgage was renewed and the suit dismissed without Mc-

Bride becoming acquainted with the filing of the complaint in such action; yet it is contended by the appellant that this defeats recovery in this action. But the policy expressly provides that "loss, if any, is payable to Phœbe A. Sharp, mortgagee, as her interest may appear," and it has been repeatedly held that, notwithstanding such clause in the policy, the mortgagee to whom it is made payable may bring suit to foreclose. In *Oakland Home Ins. Co.* v. *Bank of Commerce,* 47 Neb. 717,[1] it was said: "As we view the case, the mortgagee was entitled to recover to the extent of its interest, without regard to acts or omissions of the owner, which might, as between the insurer and such owner, defeat a recovery." In *Lancashire Ins. Co.* v. *Boardman,* 58 Kan. 339,[2] the court say: "But these provisions appear in an entirely different light when construing the policy with the mortgage clause attached, in an action brought by the mortgagee. . . . The insurer must have known when attaching the mortgage clause that it might become necessary for the mortgagee, in order to protect his interest under the mortgage to commence foreclosure proceedings."

The judgment and order are affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank, and filed the following opinion on the 11th of July, 1902:

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause. With respect to the point first discussed in the department opinion, it is true that this court has decided that "the issue of a policy upon *known facts* waives all conditions inconsistent therewith." But that doctrine does not apply to this case, wherein it appears that the material fact—i. e. that McBride, the insured, was not the sole owner of the insured property—was not *"known."* The doctrine quoted was applied in cases where it was affirmatively proved and expressly found that the material fact was known to the insurer. Here it is extended to a case in which the insurer knew nothing of such fact, upon the ground, ap-

---

[1] 58 Am. St. Rep. 663, and note.     [2] 62 Am. St. Rep. 621.

parently, that he should have made inquiry as to the truth of the claim implied in the request of McBride, that the company would insure his house. This is a wholly unwarranted extension of a doctrine sufficiently liberal as heretofore applied, and is against the decided weight of authority.

As to the second point decided,—viz., that when a mortgagor takes insurance which he makes payable to his mortgagee, the latter is not prejudiced by the failure of the insured to fulfill the conditions of his contract,—this seems to nullify the express provisions of section 2541 of the Civil Code, wherein it is enacted that "Where a mortgagor of property effects insurance in his own name, providing that the loss shall be payable to the mortgagee, or assigns a policy of insurance to the mortgagee, the insurance is deemed to be upon the interest of the mortgagor, who does not cease to be a party to the original contract, and any act of his which would otherwise avoid the insurance will have the same effect, although the property is in the hands of the mortgagee." Nor, independent of the statute, does the case of *Lancashire Ins. Co.* v. *Boardman,* cited in the opinion of the department, lend any support to its decision, the fact being that the decision in that case turned upon an express stipulation contained in the policy, to the effect that the insurance as to the mortgagee should not be invalidated by any act or neglect of the owner. (And see the doctrine of this court with respect to insurance by mortgagors for the benefit of mortgagees, as declared in *Holbrook* v. *Baloise Ins. Co.,* 117 Cal. 561.)