[Civ. No. 6629.  First Appellate District, Division One.—July 25, 1929.]

SAM WONG, Respondent, v. THE STUYVESANT IN-SURANCE CO. (a Corporation), Appellant.

Miller & Thornton for Appellant.

Sans & Hudson for Respondent.

TYLER, P. J.—Action to recover upon an insurance policy, issued by defendant company, for a fire loss. The facts show that one L. Ollason was the owner of the land

upon which the building destroyed was situated. Some time prior to the year 1908, he had leased the land to a Chinaman, who erected thereon an apple evaporating plant. The lease was subsequently assigned and the business transferred to one Wong Wah, under the trade name of Sang Yuen Company, Wong being the sole owner thereof. The assignment carried the building which had been constructed on the premises. On June 20, 1908, Ollason entered into a written agreement with Wong Wah whereby he leased the premises for a term to expire June 1, 1914, said lease being taken in the name of Sang Yuen Company. The lease provided, among other things, that any improvement erected on the premises by the lessee might be removed at the end of the term, provided that all rent due under the lease was paid in full. The rents were paid and after the expiration of the lease no formal renewal was had, the lessee remaining in possession under the same terms and conditions as provided for under the original lease. Upon acquiring the property Wong Wah had insured the evaporating plant during the period he owned the same. In the year 1918, about five years prior to his death, Wong Wah, being aged, retired and turned his business, including his leasehold interest, over to his son, Sam Wong, plaintiff herein. The son continued in possession of the property and kept the building insured and paid the premiums on the policies. On the second day of October, 1926, plaintiff insured the building with defendant company. No written application for the insurance was ever made by the insured, and the policy was issued by defendant company on application of its agent. While this policy of insurance was in effect, the building was destroyed by fire. Immediately after its destruction, and before any proof of loss or claim could be made upon defendant company, it instructed its agent to return the premium to defendant, as it had elected to refuse to pay the policy on the ground that the building was not owned by the insured and on the further ground that the building was situate on leased property. The policy was in the standard form required by our statute (Stats. 1909, pp. 404, 406), which statutory form contains the following provisions: "Unless otherwise provided by agreement endorsed hereon or added hereto, this entire policy shall be

void . . . (B) if the interest of the insured be other than unconditional and sole ownership, or (E) if the subject of insurance be a building on ground not owned by the insured in fee simple." Upon refusal of the company to pay, plaintiff brought this action.

At the trial defendant relied upon the conditions contained in the statutory policy and also certain provisions of the Civil Code of like import (secs. 2551, 2587, 2588). Plaintiff contended that the building was his property and that the owner of the land had no interest or title therein. Plaintiff was corroborated by the owner of the land in this contention. The trial court found plaintiff to be the owner of the building. It further found that the allegations contained in defendant's answer that it discovered for the first time, immediately after the fire, that plaintiff was not the owner of the property were untrue. Additional findings were to the effect that at the time the policy of insurance was issued and delivered by defendant to plaintiff the said plaintiff did not sign any written application therefor; that the insurance was solicited by the local agent of defendant company and there was no discussion between plaintiff and the said agent, or between plaintiff and any other person, regarding the ownership of the property on which the destroyed building was situate; that the agent did not inquire of plaintiff regarding the ownership of the land; that the policy was issued at the request of the agent and that plaintiff made no misrepresentations or concealment of any fact in this particular. As conclusions of law from the foregoing facts the court found that defendant had waived the provisions in said policy requiring plaintiff to present proof of loss, and had likewise waived the provision that the entire policy should be void if the subject of the insurance be a building on ground not owned by the insured in fee simple; that defendant was estopped from relying upon said provision in the policy. Judgment followed in favor of plaintiff for the sum of $1,000, the amount of the policy and costs.

Defendant appeals, and it contends that the insured was not the owner of the building nor did he have any interest therein. In support of this contention it is argued that after the expiration of the original lease, the building

not having been removed, it became a part of the land, and the mere fact that the tenant remained over as tenant at will did not alter or change the situation as a new lease was thereby created and no agreement having been entered into with reference to the removal of the building under this new lease it became the property of the owner of the land, and plaintiff had no title or interest therein. The contention is without merit. The case does not present a situation of a controversy between the owner of the land and his tenant. Here the ownership of the building was conclusively established to be in the plaintiff. The landlord so testified, and he disclaimed any right, title or interest therein. █ Moreover defendant is in no position to set up as a defense lack of ownership or that the insured did not own the ground on which the building was situate, as it waived objection to the form of the policy and is estopped from denying liability thereunder by issuing the policy and accepting the premiums therefor without any written application having been made by the insured, and also without any discussion having been had relative to either title to the buildings or the title to the property on which the same was situate. Plaintiff herein, as owner, had an insurable interest in the building, he being in possession and operating the same as a dryer. (14 Cal. Jur., p. 465; 14 R. C. L. 915.) Prior to the adoption of the standard form of policy in this state it was held that where the assured had an insurable interest in property, and without fraud, in good faith applied for insurance upon the same, and made no actual misrepresentation or concealment of his interest therein, and the insurance company made no inquiry concerning his interest, and issued a policy to him, and accepted and retained the premium, the company must have been presumed to have knowledge of the condition of the title, and to have assured the property with such knowledge. (*Raulet* v. *Northwestern etc. Ins. Co.*, 157 Cal. 213–228 [107 Pac. 292]; 14 R. C. L., pp. 926–932.) After the adoption of the standard form of policy, the law of waiver and estoppel remained the same as before upon this subject. (*Kavanaugh* v. *Franklin Fire Ins. Co.*, 185 Cal. 307, 315 [197 Pac. 99]; 14 R. C. L., p. 932.)

It follows that the court below rightfully determined that defendant had waived the provisions in question contained in the policy.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 24, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 23, 1929.

All the Justices present concurred.