894

## GAWECKI et al. v. GENERAL INS. CO. OF AMERICA.

## SAME v. DUBUQUE FIRE & MARINE INS. CO. OF DUBUQUE, IOWA.

### Nos. 11775, 11776.

Circuit Court of Appeals, Ninth Circuit.

May 5, 1948.

George Penney and Robert M. Newell, both of Los Angeles, Cal., for appellants.

E. Eugene Davis and W. W. Hindman, both of Los Angeles, Cal., for appellee Gen. Ins. Co. of America.

Angus C. McBain, of Los Angeles, Cal., for appellee Dubuque Fire & Marine Ins. Co.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

These are consolidated suits in which appellants sought to recover on policies of insurance against loss by fire. On a trial to the court recovery was denied in each case.

. The policies were in the statutory form prescribed by the laws of California (Insurance Code, §§ 2070, 2071). They included the following provision, made mandatory by these statutes:

"Chattel mortgage. Unless otherwise provided by agreement in writing endorsed hereon or added hereto this Company shall not be liable for loss or damage to any property insured hereunder while encumbered by a chattel mortgage, but the liability of the Company upon other property hereby insured shall not be affected by such chattel mortgage."

In compliance with § 2072 of the Insurance Code the substance of the clause was summarized on the outside of the policy in large type, and in the specific language of the statute, thus: "Read this Policy * * * Policy is suspended, unless otherwise agreed in writing, if * * * 8th. Property is or becomes encumbered by chattel mortgage."

The property insured consisted of the furniture, fixtures and equipment of a restaurant in Los Angeles. At the time of the fire this property was encumbered by a chattel mortgage which appears to have been executed prior to the issuance of the policies although recorded afterwards. There had been no agreement waiving the chattel mortgage provision, and the court held the provision a bar to recovery. The question on the appeal is whether the holding correctly reflects the California law. We think it does.

Appellants do not claim that either insurer had knowledge of the encumbrance. Further, they concede it to be the law that if

the mortgage had been given after the policies were issued there could be no recovery for the loss. Their brief states the question for determination as being "whether the existence of a chattel mortgage, which had been executed before the issuance of the insurance policies, will avoid liability, *where the insurer made no inquiry regarding the insureds title.*" [Emphasis supplied.] It is contended that this query should be answered in the negative, that is to say, the insurers, having concededly made no inquiry, can not defend on the ground that a provision of the policy "had been breached from the start." The argument is predicated on several California decisions in cases where liability was disputed because the interest of the insured proved to be other than unconditional and sole ownership.[1] The rule in such cases, briefly summarized, is that only a misrepresentation or concealment of the insured's interest is a defense, and that where no inquiry is made concerning his interest, and premiums are accepted and retained, the insurer is presumed to have knowledge of the condition of the title and to have insured the property with such knowledge. For a full discussion of the rule see Sam Wong v. Stuyvesant Ins. Co., 100 Cal.App. 109, 112, 279 P. 1050.

The cases relied on involve a clause of the statutory form rendering the entire policy void if the interest of the insured be other than unconditional and sole ownership. Both in the policies here and in the Insurance Code this clause is listed under the heading "matters avoiding the policy." But, contrariwise, the encumbering of the property by a chattel mortgage does not operate to void the insurance; coverage is merely suspended during the continuance of the encumbrance and in respect only of such of the property as is affected by the lien. Hargett v. Gulf Ins. Co., 12 Cal.App.

2d 449, 55 P.2d 1258. In the Hargett case, which seems to be the only California authority dealing with the chattel mortgage clause since the adoption of the standard form, this difference is pointed out and emphasized by the court as a distinction of vital consequence.[2] The temporary nature of the suspension of coverage is noted, as is the fact that insurance protection is restored upon satisfaction of the debt or release of the property from lien. The policies themselves, it was held, remained in force despite the giving of the lien, and there was no obligation on the part of the insurer to return any of the premiums. The insuring companies were thought to be under no obligation to take any action of their own, nor were they under the duty to suggest to the policy holder any action which he should take. He must, said the court, be presumed to have known that his coverage had been suspended; and if he desired the insurance to continue notwithstanding the chattel mortgage it was his duty to so notify the insurer and to request an appropriate endorsement of his policies.

In the Hargett opinion it was said at page 455 of 12 Cal.App.2d at page 1261 of 55 P.2d that the facts brought the case "directly within the holding of the Supreme Court in Steil v Sun. Ins. Office, 171 Cal. 795, 155 P. 72, 74." In the latter case the goods were insured while contained in a certain building and not elsewhere. Part of them were removed to another building, thus, as the court held, suspending the insurance as to the removed portion without annulling the policy. It was said that in order to continue the coverage more was required than a mere notification by the insured to the insurer of the fact that the goods were or were about to be removed. Something in the nature of a new agreement was essential. The qualification as to location was thought to be descriptive of

---

[1] Golden Gate Motor Transport Co. v. Great American Indemnity Co., 6 Cal.2d 439, 58 P.2d 374; Wong v. Stuyvesant Ins. Co., 100 Cal.App. 109, 279 P. 1050; Ames v. Employers Casualty Co., 16 Cal.App.2d 255, 60 P.2d 347; Sharp v. Scottish Union & Nat. Ins. Co., 136 Cal. 542, 69 P. 253, 615; American Employers' Ins. Co. v. Lindquist, D.C., 43 F. Supp. 610.

[2] Two cases arising in the federal jurisdiction, namely, Cinema Schools v. Westchester Fire Ins. Co., D.C., 1 F.Supp. 37, and Cinema Schools v. Federal Union Ins. Co., D.C., 1 F.Supp. 42, also involve the chattel mortgage clause, which was there held to be a complete defense against liability.

896

the things insured, and it was said that the clause did not constitute a condition or covenant against removal.[3]

■ Appellants insist that these cases are distinguishable in that the insured had there voluntarily taken action after the policies were issued, in violation of their terms, whereas appellants had executed the chattel mortgage prior to the issuance of the insurance. We are unable to see force in the distinction. In the first place, it does not accurately reflect the holdings of those cases. In neither the Hargett nor the Steil case did the insured do anything which was thought to violate the terms of his policy. Neither decision is thought to warrant the holding appellants are asking us to make, namely, that the insurance companies were bound to inquire whether the property affected was presently encumbered. We are obliged to follow the state law as announced by its courts; and the broad language of these decisions compels the holding that the burden of obtaining a waiver of the clause is cast on the insured, who is presumed to know the consequences of his failure to do that.

Affirmed.

---

[3] For other analogies, see Arnold v. American Ins. Co., 148 Cal. 660, 84 P. 182, 25 L.R.A.,N.S., 6; Allen v. Home Ins. Co., 133 Cal. 29, 65 P. 138; National Reserve Ins. Co. v. Ord, 9 Cir., 123 F.2d 73.