Franklin W. OWEN and Helen S. Owen, Plaintiffs,

v.

AMERICAN HOME ASSURANCE COMPANY OF NEW YORK, a corporation, Defendant.

Civ. No. 7395.

United States District Court
N. D. California, N. D.

July 12, 1957.

Wilke & Sapunor, by Sherman C. Wilke, Sacramento, Cal., for plaintiffs.

Keith, Creede & Sedgwick, by Frank J. Creede, San Francisco, Cal., for defendant.

HALBERT, District Judge.

This is an action for a declaration of the rights and liabilities of the parties to an insurance contract. The action was properly removed to this Court from the state court in which it was commenced, and federal jurisdiction is grounded upon the provisions of Title 28 U.S.C.A. §§ 1332(a) (1) and 2201. The trial of the action having been completed on May 2, 1957, before the Court sitting without a jury, and all post-trial memoranda having been submitted, the Court is prepared to render its decision at this time.

It is plaintiffs' contention that at the time they purchased the insurance policy in issue (a comprehensive public liability policy), they were lead to believe by the representations of the agent that they would be insured against liability arising out of the use and operation of a watercraft, so long as such watercraft was equipped with an outboard motor and did not exceed 26 feet in length. At that time, plaintiffs did not own a watercraft, but shortly after the effective date of the policy, they did purchase a watercraft (a boat), 14½ feet in length, equipped with a forty horsepower outboard motor. While plaintiffs' son was operating the boat on July 17, 1955, an accident occurred wherein the boat collided with one Willis, who was swimming in the water at the time. An action was commenced thereafter by Willis to recover damages against plaintiffs and their son. Defendant denied liability as an insurer on the ground that, under the express provisions of the insurance policy, coverage for a watercraft equipped with a motor in excess of ten horsepower was excluded. It is plaintiffs' contention that this exclusion provision did not express the intentions of the parties, and, therefore, the insurance policy should be reformed. In the alternative, plaintiffs assert this defendant is estopped to rely on

this provision of the policy as a defense to recovery on the policy, because defendant's agent, in explaining the coverage of the policy, specifically mentioned the limitation on the length of the boat, and referred to the fact that the boat could be powered only by an outboard motor, but was, at the same time, silent about any limitation on the horsepower of the motor.

As defenses to this action, defendant asserts:

1. That the person who sold plaintiffs the policy was not, in reality, defendant's agent, but was the son of its duly appointed agent, and thus, if any misrepresentations were made, they may not be imputed to defendant;

2. That plaintiffs failed to read the policy after it was delivered to them, and this bars any action by them based either on reformation or estoppel; and

3. That no oral representations concerning the boat coverage were ever, in fact, made by anyone to plaintiffs.

■ From the evidence adduced at the trial, the Court is convinced that Fred Nelson (the son of C. M. Nelson, who was the actual appointed agent of defendant), by what he said and what he did, lead the plaintiffs to believe that they would be covered for liability arising out of the use and operation of a boat under 26 feet in length, so long as it was equipped with an outboard motor, and this without any limitation on horsepower. The evidence also established that through the course of numerous past dealings, plaintiffs had reposed trust and confidence in C. M. Nelson and his son, Fred Nelson, in handling their insurance business for them, and were, thus, entitled to rely on oral assurances made by the Nelsons. Furthermore, it is reasonable to infer from the evidence that the Nelsons were aware of plaintiffs' frame of mind in this regard.

On such a set of facts, the acceptance and retention of the written policy by plaintiffs, without reading it prior to the accident, does not bar an action on the policy based on either a reformation or estoppel theory (Raulet v. Northwestern Nat. Insurance Co., 157 Cal. 213, 230, 107 P. 292; Golden Gate Motor Transp. Co. v. Great American Indem. Co., 6 Cal. 2d 439, 443, 448, 58 P.2d 374; Ames v. Employers Casualty Co., 16 Cal.App.2d 255, 266–267, 60 P.2d 347; American Surety Co. of New York v. Heise, 136 Cal.App.2d 689, 696, 289 P.2d 103; cf.: Valdez v. Taylor Automobile Co., 129 Cal. App.2d 810, 816, 278 P.2d 91; and Kazanteno v. California-Western Life Ins. Co., 137 Cal.App.2d 361, 374, 290 P.2d 332).

■ The law in California is clear that where an insurance agent gives a *misleading, incorrect or incomplete* answer, without qualification (even though, perhaps, carelessly made) to a specific question by the prospective insured concerning coverage, the insurer is not, after reliance has been placed thereon by the insured, allowed to deny liability on the basis of a provision which is contrary to, and does not truly reflect, the representations of the agent (Morrison v. Mutual Life Ins. of New York, 15 Cal. 2d 579, 588–589, 103 P.2d 963; Golden Gate Motor Transp. Co. v. Great American Indem. Co., supra, 6 Cal.2d at page 447, 58 P.2d at page 378; MacGruer v. Fidelity & Casualty Co., 89 Cal.App. 227, 235, 264 P. 501; Ames v. Employers Casualty Co., supra, 16 Cal.App.2d at page 267, 60 P.2d at page 352; American Employers' Ins. Co. of Boston, Mass. v. Lindquist, D.C., 43 F.Supp. 610, 614, ff.; cf.: Raulet v. Northwestern Nat. Ins. Co., supra, 157 Cal. at pages 233–234, 107 P. at page 300; Byrd v. Mutual Benefit Health & Accident Ass'n, 73 Cal. App.2d 457, 464, 166 P.2d 901; and American Surety Co. of New York v. Heise, supra, 136 Cal.App.2d at page 695, 289 P.2d at page 107).

■ From the evidence, the Court is of the opinion that plaintiffs were entitled to believe that the insurance coverage to be provided to them by the defendant was to be without any horsepower limitation on the motor, so long as it was an outboard motor. Futhermore, plaintiffs were entitled to believe that

any boat with an outboard motor and less than 26 feet in length, which they might thereafter purchase, would be covered by the defendant's policy. There being sufficient evidence from which to draw the conclusion that defendant is estopped to rely on the horsepower limitation, it is unnecessary to consider whether this is a proper case for reformation (See, e. g.: Ames v. Employers Casualty Co., supra, 16 Cal.App.2d at page 267, 60 P.2d at page 352).

The next question to be resolved is whether defendant can avoid being estopped to insert the horsepower limitation in the policy on the ground that Fred Nelson, on whose words and conduct the estoppel is based, was not a duly appointed agent of defendant. The evidence shows that, at all times relevant to the action, C. M. Nelson, Fred's father, was a duly authorized agent of defendant, but Fred was not. The agency agreement between C. M. Nelson and defendant contained no provisions prohibiting the employment by C. M. Nelson of sub-agents to transact the insurance business. The evidence further shows that Fred Nelson had been a full time employee of his father in the insurance agency since approximately 1946, and that he has, during this period of time, been engaged in the general management of the affairs of the business, including the soliciting of, and the making of applications for, insurance. The evidence also shows that Fred Nelson had, in the past, acted for his father in procuring insurance with defendant. In addition, it should be noted that there was some evidence indicating that defendant was aware of Fred Nelson's activities in this regard. It is abundantly clear from the evidence that plaintiffs were never informed of the fact, and were not aware, that Fred Nelson was not a duly appointed, actual agent of defendant.

Where the duly appointed agent is not expressly prohibited from delegating his powers, and it is the ordinary custom and practice of the particular business to make such delegations, the principal will be bound by the acts of the sub-agent acting within the course and scope of his ostensible authority (California Civil Code, § 2349, subd. 3, § 2351 and § 2334; Malloy v. Fong, 37 Cal.2d 356, 372–374, 378–379, 232 P.2d 241; Julian v. Schwartz, 16 Cal.App.2d 310, 328, 60 P.2d 887; and Guipre v. Kurt Hitke & Co., 109 Cal.App. 2d 7, 15–16, 240 P.2d 312). Under the foregoing rule, defendant is bound by the words and conduct of Fred Nelson, and became thereby estopped to rely on the horsepower limitation provision which was inserted in the policy of insurance issued to plaintiffs.

In view of the conclusions which the Court has reached relative to the facts in this case, and the law above set forth, judgment must be for the plaintiffs. The judgment will be based on the fact that the defendants are estopped to assert the legal defenses which they have sought to assert. No ruling is required, and none is made on the issue of reformation.

It is, therefore, ordered that the plaintiffs have judgment that the defendant be, and it is, hereby estopped to deny liability to the plaintiffs on the policy of insurance involved in this action;

It is further ordered that plaintiffs have judgment for the sum of $750 [1] on account of their attorney's fees incurred in connection with this action;

And it is further ordered that plaintiffs in due course prepare findings of fact and conclusions of law, a form of judgment, and all other documents necessary for the complete disposition of this case in accordance with the provisions of this memorandum and order, and lodge such documents with the Clerk of this Court pursuant to the laws and rules applicable thereto.

1. The parties to this action stipulated in open court that attorney's fees in this amount could be allowed to plaintiffs in the event plaintiffs prevailed in this action.